UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GIANCI ANTONIO EADY,<br><br>        Defendant. | Case No. 19-20686<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY
MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255
(ECF NO. 52)**

Defendant Gianci Antonio Eady pleaded guilty to drug trafficking crimes under 21 U.S.C. 841(a) and animal fighting under 7 U.S.C. § 2156(b).  ECF No. 51.  The Honorable Paul D. Borman sentenced Eady to 120 months of imprisonment in June 2021.  *Id*.  In May 2022, Eady moved to vacate his sentence under 28 U.S.C. § 2255, and Judge Borman referred the motion to the undersigned for a report and recommendation.  ECF No. 52; ECF No. 57.[1]

---

[1] Eady filed a notice that he does not consent to the undersigned deciding his motion.  ECF No. 63.  But Judge Borman referred the motion to the

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (cleaned up). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (cleaned up).

Eady's motion to vacate is premised on his claim that no grand jury indicted him. ECF No. 52. Eady argues that, because of the lack of an indictment, the government violated the Constitution and committed fraud; the Court acted without jurisdiction; and his attorney was ineffective

---

undersigned only to make a recommendation, and Judge Borman maintains jurisdiction to decide the matter. Judge Borman's referral comports with 28 U.S.C. § 636(b)(1)(B), which allows a district judge to designate a magistrate judge to make recommendations for disposition of "applications for posttrial relief made by individuals convicted of criminal offenses."

because he failed to object to the fraudulent and unconstitutional proceedings.  *Id.*

Eady's motion to vacate lacks merit because a grand jury did indict him and twice superseded the indictment.  ECF No. 9; ECF No. 15; ECF No. 19.  Eady acknowledged the second superseding indictment, to which he later pleaded guilty, during a hearing before Judge Borman on August 6, 2022.  ECF No. 24; ECF No. 51.  As the government notes, the copy of the second superseding indictment on the docket lacks the original signature of the grand jury foreperson.  ECF No. 19; ECF No. 56.  But before that indictment was placed on the docket, a magistrate judge had to accept it for filing in open court.  Fed. R. Crim. P. 6(f).  And before the magistrate judge accepted the second superseding indictment for filing, the grand jury foreperson had to inform the magistrate judge that at least 12 jurors approved the indictment.  *Id*.

"When the grand jury has found an indictment to be a true bill and has completed its action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court in open session, its function has been fulfilled."  *United States v. Michael*, 180 F.2d 55, 56 (3d Cir.1950).  Without evidence "impeaching the integrity of the indictment or suggesting that the process under which the indictment was returned was not in

3

accordance with Rule 6(f)," Eady has "no basis for collateral relief." *Rainer v. United States*, No. 2:11-CV-414-MEF, 2013 WL 4442025, at *4 (M.D. Ala. Aug. 14, 2013).

The Court thus recommends that Eady's motion to vacate his sentence be **DENIED**.

Dated: October 31, 2022

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

4

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2022.

>                         s/Marlena Williams
>                         MARLENA WILLIAMS
>                         Case Manager